1  Greg W. Garrotto, State Bar #89542
   LAW OFFICES OF GREG W. GARROTTO
2  1925 Century Park East, Suite 2000
   Los Angeles, California 90067
3  Telephone (310) 229-9200
   Fax: 310-229-9209
4  E-Mail: jjggarrotto@msn.com

5  Attorneys for Plaintiff
   A. B., a minor, by and through his
6  Guardian ad Litem, Cheyana Brown, Individually
   and as Successor in Interest of Mathew R. Baker

7
                    UNITED STATES DISTRICT COURT
8
                    EASTERN DISTRICT OF CALIFORNIA
9

10
   A. B., a minor, by and through his      ) Case No.  2:16-CV-01752-MCE-GGH
11 Guardian ad Litem, Cheyana Brown,       )
   Individually and as Successor in        ) FIRST AMENDED COMPLAINT
12 Interest of Mathew R. Baker             ) FOR DAMAGES BASED ON
                                           )
13                                         ) 1) SURVIVORSHIP ACTION-
                  Plaintiff,               ) VIOLATIONS OF CIVIL RIGHTS -42
14      v.                                 ) U.S.C. 1983 (California Code of Civil
                                           ) Procedure Section 377.30 et. seq.)
15 COUNTY OF SISKIYOU, a public            )
   entity; JOHN LOPEY, SHERIFF, a          ) 2) WRONGFUL DEATH-
16 public employee, JEFF HUSTON, a         ) VIOLATIONS OF CIVIL RIGHTS- 42
   public employee previously identified   ) U.S.C. 1983  (California Code of Civil
17 as DOE 1; DEPUTY CHRISTOPHER            ) Procedure Section 377.60)
   MILLER, a public employee,              )
18 previously identified as DOE 2;  DOES   ) 3.  NEGLIGENCE/SURVIVORSHIP
   3-10, Inclusive                         ) ACTION (California Code of Civil
19                                         ) Procedure Section 377.30)
                  Defendants               )
20                                         ) 4.  NEGLIGENCE/WRONGFUL
                                           ) DEATH (California Code of Civil
21                                         ) Procedure Section 377.60)
                                           )
22                                         ) REQUEST FOR JURY TRIAL
                                           )
23
24 _____

25 **JURISDICTION**

26      1.  This Court has jurisdiction of the within matter in that this Amended

27

28                              1          FIRST AMENDED COMPLAINT FOR
                                           DAMAGES

Complaint is based on violations of Title 42 U.S.C. Section 1983 in that the

Plaintiff is the child, next of kin, heir at law and Successor in Interest of Plaintiff's

Decedent, Mathew R. Baker, and is seeking redress for violations of the Civil

Rights of the Plaintiff's Decedent and Plaintiff, their Civil Rights being

guaranteed under the  14th Amendment to the United States Constitution, to wit;

protection against unreasonable and cruel and unusual punishment; and

deprivation of life and liberty without due process of law.


**GENERAL ALLEGATIONS**

2.  Plaintiff A. B. is at mentioned in this Complaint a resident of Kootenai

County, Idaho.  The Plaintiff is the child and the next of kin and heir at law to

Plaintiffs' Decedent, Mathew R. Baker.  He is also the Successor in Interest of

Plaintiff's Decedent Mathew R. Baker as set forth in California Code of Civil

Procedure Section 377.30 et. seq.

3.  Plaintiff is informed and believes and thereon alleges that at all times

Defendant County of Siskiyou was a public entity duly formed under the laws and

statutes of the State of California.   The Siskiyou County Sheriffs Department is an

agency of the Defendant County of Siskiyou.  The Siskiyou County Sheriffs

Department is charged with among other duties the operation of the jails of

Siskiyou County.

4.  Plaintiff is informed and believes and thereon alleges that Defendant

John Lopey is the Sheriff of the Defendant County of Siskiyou and a public

employee and as such has the responsibility among others to prepare procedures

and protocols for the operations of jail facilities in the jails of the County of

Siskiyou which includes those policies and procedures to ensure the safety and

welfare of inmate and detainees.  As such, said Defendant is also charged with

2                    FIRST AMENDED  COMPLAINT FOR
                     DAMAGES

ensuring that Title 15 of the California <u>Code of Regulations</u>, insofar as they relate to the operation of local correctional facilities are complied with.

5. Plaintiff is informed and believes that Defendant Jeff Huston, a public employee, who was previously identified as Doe 1 was at all times referenced a member of the Siskiyou County Sheriff Department and was responsible for the County operated jail facilities in said County and as such had overall charge of all custodial operations of the jail.

6. Plaintiff is informed and believes that Defendant Deputy Christopher Miller, a public employee, previously identified as Doe 2 was at all times referenced a member of the Siskiyou County Sheriffs Department and was a custodial officer in the jail where Plaintiff was incarcerated at the time of his suicide and was charged with providing supervision, monitoring and other services to the inmates detainees in the F unit, one of whom was Plaintiff's Decedent.

7. Does 3-10 are employees of the Siskiyou County Sheriffs Department who had custodial duties or were otherwise charged with the day to day operation or custodial duties with regard to jail facilities in said County.

8. The Plaintiff will seek leave of Court to amend this Complaint to insert the true names and/or capacities of such fictitiously named defendants named as Does 3-10 when the same have been ascertained.

9. Plaintiff is informed and believes and thereupon alleges that at all times herein Defendants John Lopey, Sheriff, Jeff Huston and Deputy Christopher Miller and Does 3-10  are employees and or agents of the County of Siskiyou and Siskiyou County Sheriffs Department were acting as custodial staff at the Siskiyou County Jail.  As such they had the responsibility to maintain the jail and operate it so that it would comply with both State and Federal mandates.

FIRST AMENDED  COMPLAINT FOR DAMAGES

10.   Their responsibilities were to provide security in the jails and the welfare of all of the prisoners, inmates and or detainees which included but was not limited to  medical, psychological and psychiatric care as well as custodial supervision that would ensure the welfare of all prisoners according to the mandates of the State and Federal Constitutions.  Said responsibilities included evaluation of inmates and detainees to ascertain if they were suicidal and or otherwise self destructive and or had psychological and or psychiatric conditions that might result in said persons being a danger to themselves or others. Said Defendants further had a responsibility to monitor those inmates, prisoners and detainees who were a danger to themselves, others or gravely disabled pursuant to the dictates of Title 15 of the <u>California Regulations</u> and the United States Constitution.

11.   On March 2, 2015, Plaintiff's Decedent, Mathew R. Baker was arrested and processed into the Siskiyou County Jail.   The Plaintiff's Decedent had a known and ascertainable history of psychological and psychiatric conditions including a history of attempts at self harm that made it probable that he might harm himself or others while incarcerated.  Furthermore while incarcerated, the Plaintiff's Decedent exhibited behaviors that should have and did alert the Defendants that Plaintiff's Decedent might engage in self destructive behaviors and or behaviors that would possibly cause harm to him and others.

12.   Prior to September 3, 2015, the Plaintiff's Decedent, while he was incarcerated in Siskiyou County Jail, exhibited activities and actions that put all Defendants on notice that he was likely to engage in self harm.  Furthermore, he made statements to Defendants  regarding 'voices' that he heard that encouraged him to engage in self harm or self destructive behavior.  He also indicated that he had the means of self destruction in his cell and or those portions of the jail to

4

FIRST AMENDED  COMPLAINT FOR DAMAGES

1   which he had access.   The Defendants and each of them were aware of these facts.

2      13.   On September 3, 2015, the Plaintiff's Decedent actively tried to commit

3   suicide using materials at hand and within distances whereby he could gain

4   possession of said item.  He used an improvised ligature to hang and or asphyxiate

5   himself thereby inducing hypoxia and cardiac arrest.  Said improvised ligature was

6   fashioned from a coaxial television cable that had been located in the day room

7   area of F Unit.   The Defendants and each of them, as part of their custodial duties,

8   had the responsibility and the duty to keep any item from him which could be used

9   by Plaintiff's Decedent to harm himself as well as to monitor him periodically so

10  that he would not engage in self destructive behavior.

11     14.   The Plaintiffs' Decedent died at an Oregon Hospital secondary to the

12  self inflicted injuries he sustained on September 3, 2015.

13     15.   The Defendants, and each of them, who were charged with monitoring

14  the Plaintiff's Decedent periodically and within the confines of statutory and

15  regulatory requirements had not in fact monitored him during the prescribed

16  period of time and in fact had not appropriately monitored or visualized him so

17  that he could not harm himself.

18     16.   Defendant John Lopey, as the Sheriff of Siskiyou County Sheriffs

19  Department failed to ensure and promulgate and implement policies and

20  procedures with the knowledge that the failure to provide policies and procedures

21  would surely result in suicides and injuries to inmates.  The Defendants and each

22  of them were also aware that the failure to provide and implement policies and

23  procedures and allowing customs and practices that would not ensure inmate

24  safety would result in injury and or death to inmates.

25     17.   The Defendants failed to perform their duties to provide security in the

26  jail with specific knowledge that the Decedent would most probably harm himself

27

28                                  5          FIRST AMENDED  COMPLAINT FOR
                                               DAMAGES

if not monitored as required by law and the standards of custodial supervision.

18.  Neither did Defendants prevent the Plaintiff's Decedent from obtaining materials from which he could fabricate a noose or another device so that he could harm himself.  Said Defendants acted and or failed to act with knowledge that the Plaintiff's Decedent had psychological and or psychiatric conditions that would result in self destructive behavior when confined.  Said conduct of the Defendants and each of them was deliberately indifferent to the rights of Plaintiff's Decedent as well as the rights of Plaintiff as well as constituted unwarranted governmental interference with the relationship of father and child between Plaintiff's Decedent and Plaintiff.

19. As a direct and proximate result of the deliberately indifferent,  reckless conduct and or otherwise wrongful conduct of the defendants and each of them, the Plaintiff  has sustained the loss of love, affection, society, service, comfort, support, expectations of future support and counseling, financial income, companionship, solace and moral support as well as other benefits and assistance of his father,  the Plaintiff's Decedent, all to his general and special damage in a sum in excess of the jurisdictional limits of this court.

20.  As Successor in Interest to Plaintiff's Decedent Michael R. Baker, Plaintiff has suffered special damages in amounts according to proof.

21.  The Plaintiff has timely filed a Claim for Damages pursuant to the California Government Code which has been denied.  The present action has been filed within 6 months of the notice of denial forwarded by Defendant County of Siskiyou.

6

FIRST AMENDED  COMPLAINT FOR DAMAGES

1 **FIRST CAUSE OF ACTION-FEDERAL CIVIL RIGHTS VIOLATIONS (42**
2 **USC 1983) Survivorship Action (All Defendants)**

3      22. The Plaintiff incorporates by reference each and every allegation of
4 Paragraphs 1-21 as though set forth herein.

5      23.  Plaintiff, as duly appointed Successor In Interest to Plaintiff's Decedent
6 Mathew R. Baker, brings this claim for recovery of damages for violation of
7 Mathew R. Baker's  substantive due process rights.

8      24.  This is a cause of  action for deprivation of constitutional rights under
9 color of state law brought pursuant to the recodification of section 1979 of the
10 Civil Rights Act of 1871, Title 42 U.S.C. §1983, for remedies for Defendants'
11 deprivation of Plaintiff's Decedent's civil rights.  Plaintiff alleges that Defendants,
12 each and all of them,  have deprived Plaintiffs' Decedent, a pre-trial detainee  of
13 his civil rights by failing to provide him with the minimum standards and
14 conditions of incarceration and depriving him of life and liberty without due
15 process of law in violation of the 14th Amendment to the Constitution of the
16 United States of America.

17      25.  Plaintiff is informed and believes and thereon alleges that Defendants
18 and each of them were public employees of the Defendant  County of Siskiyou and
19 an agency of said County, the Siskiyou County Sheriffs Department, and as such
20 were functioning as custodial staff within the Siskiyou County Jail.  Said staff had
21 the responsibility to assess newly incarcerated detainees, prisoners, and inmates to
22 determine their medical and mental status and determine whether said persons
23 were a danger to themselves, others and or gravely disabled.  As to those persons
24 who were in said categories, the Defendants and each of them had the
25 responsibility to devise systems of care, monitoring and administration so as
26 provide protection to them.

27

28                                    7          FIRST AMENDED COMPLAINT FOR
                                                 DAMAGES

26. The Defendants also had the legal responsibility to carry out said systems of care, monitoring and administration so that security would be provided within the jail facilities so that persons who were suicidal or a danger to others or gravely disabled would not self harm and or harm others.

27. The Defendants also had the responsibility under Title 15 of the California Code of Regulations and minimum constitutional standards to ensure the health, welfare and safety of all inmates in the Siskiyou County Jail Facility.

28. At all times hereinafter mentioned, Defendants and each of them were acting as the agents and/or employees of the Defendant County of Siskiyou and in doing all of the things aforementioned were acting under color of their authority as such, and under color of the statutes, ordinances, regulations, customs and usages of the Defendant County of Siskiyou.

29. On or about March 2, 2015,  the Plaintiff's Decedent was arrested and taken to the Siskiyou County Jail.  The Plaintiff is informed and believes that Plaintiff's Decedent began and through September 3, 2015 to exhibit behavior which would indicate to any reasonable member of law enforcement that he was suicidal, self destructive and had psychological and or psychiatric conditions that impaired his judgment.

30. The Defendants and each of them knew or had reason to know of the Plaintiff's Decedent's psychological and or psychiatric condition during the course of his pre-trial detention from March 2, 2015 to September 3, 2015.

31. With this knowledge, the Defendants and each of them failed either to implement procedures and protocols or act according to them so as to provide for the minimum standards of welfare required by the United States Constitution.  The Defendants and each of them knew that their failure to implement procedures and protocols to protect inmates who were self destructive and or of such a

FIRST AMENDED COMPLAINT FOR DAMAGES

psychological and or psychiatric condition would result in injury to inmates such as the Plaintiff's Decedent, The Defendants and each of them failed to implement and carry out and follow said procedures and protocols with knowledge that the failure to implement and follow said procedures would most probably result in a self harm by Plaintiff's Decedent.

32.  The failure of Defendant County of Siskiyou to implement procedures that would require custody staff of the Siskiyou County Jails to provide constitutional levels of protection to suicidal and or self destructive detainees and or detainees with psychological and or psychiatric diagnoses, the fostering and approval of and/or the ratification of customs and practices in the Sheriffs Department whereby custody staff did not provide constitutional levels of protection, along with Defendants' failure to monitor and supervise and protect the Plaintiff's Decedent as a pre-trial detainee as well as provide custodial and medical care because of his known self destructive behaviors amounted to cruel and unusual punishment and a deprivation of his life without due process of law and a violation of the 14th Amendment.

33.  The Defendants and each of them, acted with deliberate indifference which knowingly subjected the Plaintiff's Decedent to acts and injuries that constituted cruel and unusual punishment and deprivation of life and liberty,   all in violation of the Plaintiff's Decedent's rights guaranteed by the Fourteenth Amendments to the United States Constitution.

34.  By this action, Plaintiff as the Successor in Interest to Plaintiff's Decedent seeks all legal and equitable relief to which he may be entitled, including but not limited to compensatory and punitive damages, attorneys fees and costs and prejudgment interest against Defendants and each of them.

35.  The actions of the Defendants and each of them deprived the Plaintiff's

FIRST AMENDED COMPLAINT FOR DAMAGES

Decedent of his constitutional rights guaranteed under the 14th Amendment to the United States Constitution which prohibit cruel and unusual punishment.

36.  By reason of the Defendants' conduct, Plaintiffs' Decedent was deprived of rights, privileges and immunities secured to him by the Constitution of the United States and the laws thereunder in that failure to provide constitutionally minimal standards of custodial care when it was known that said the lack of custodial services would in all likelihood deprive the Plaintiff of life and liberty without due process that is guaranteed under the Fourteenth Amendment to the United States Constitution.

37.  As a result of the Defendants' actions against Plaintiffs' Decedent, as alleged above, Plaintiff as Successor In Interest  has been harmed in that Plaintiff has sustained special damages, all in amounts according to proof at the time of trial

38.   The above recited actions of Defendants in depriving Plaintiffs' Decedent of his constitutionally protected rights were done with evil motive or intent, or with reckless, callous and deliberate indifference to cause Plaintiff's Decedent  unnecessary and wanton infliction of pain.


**SECOND CAUSE OF ACTION-FEDERAL CIVIL RIGHTS VIOLATIONS (42 USC 1983) (Wrongful Death Action) (All Defendants)**

39.  The Plaintiff incorporates by reference each and every allegation of Paragraphs 1-35 as though set forth in full.

40.  The Plaintiff is the child of the Plaintiff's Decedent and the heir at law of the Plaintiff's Decedent pursuant to California Code of Civil Procedure Section 377.60.

41.  The Plaintiff, as the son of Plaintiff's Decedent had a parent and child

FIRST AMENDED COMPLAINT FOR DAMAGES

1   relationship with the Plaintiff's Decedent.

2       42.  The acts of the Defendants and each of them, as set forth above,

3   constituted an unwarranted interference in and a deprivation of the familial

4   relationship.  The lack of familial companionship was the legal result of the

5   knowing failure of the Defendants to provide constitutionally compliant

6   provisions for ensuring the safety and welfare of Plaintiff' Decedent.

7

8   **THIRD CAUSE OF ACTION-NEGLIGENCE/SURVIVORSHIP ACTION**

9   **(California Code of Civil Procedure Section 377.30) <u>(All Defendants)</u>**

10      43.  The Plaintiff incorporates by reference each and every allegation of

11  Paragraphs 1-42 as though set forth in full.

12      44.  Defendants Lopey, Huston and Miller and Does 3-10, law enforcement

13  officers employed by the Siskiyou County Sheriffs Department had the legal

14  responsibility and obligation to act reasonably in the performance of their duties

15  that were carried out in the course and scope of their employment.  The Defendant

16  County of Siskiyou as the employer and principal of Defendants Lopey, Huston

17  and Miller and Does 3-10, is liable for their acts carried out in the course and

18  scope of their employment under the doctrine of respondeat superior and

19  <u>Government Code</u> Section 815.2.

20      45.  From March 2, 2015 to September 3, 2015, the Defendants and each of

21  them acted negligently,  unreasonably and without legal justification in monitoring

22  and supervising the incarceration of Plaintiff's Decedent, all of which resulted in

23  his death on September 4, 2015.  Defendants Lopey and  Does 3-10 were

24  responsible for training,  implementing policies and procedures such that sworn

25  law enforcement officers would act reasonably and according to law in their

26  supervision and monitoring of pre-trial detainees; in fact they acted negligently in

27

28                          11        FIRST AMENDED COMPLAINT FOR
                                      DAMAGES

training and implementing policies and procedures such that their actions were a substantial factor in the damage sustained by Plaintiff.  Defendants Huston and Miller and Does 3-10 were negligent in that they failed to reasonably perform their custodial duties which involved the supervision and monitoring of the Plaintiff's Decedent and ensuring that he was protected from harm and self destructive behaviors.

46.   As a legal result of said negligent, unreasonable and unlawful acts, the Successor in Interest of Plaintiffs' Decedent, A.B. suffered injuries and damages as set forth in California Code of Civil Procedure Section 377.34.

**FOURTH CAUSE OF ACTION-NEGLIGENCE/WRONGFUL DEATH (California Code of Civil Procedure Section 377.60)**

47.   The Plaintiff incorporates by reference each and every allegation of Paragraph 1-46 as though set forth in full.

48.   As a legal result of the Defendants' negligent, unreasonable acts that were without legal justification, the Plaintiff as son of the Plaintiffs' Decedent, suffered losses consisting of the loss of society, love, companionship, financial support and the probability of future financial support.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as follows:

1.   For damages pursuant to the wrongful death statutes for loss of love, affection, care, society, service, comfort, support, right of support, companionship, financial support, solace and moral support, expectations of future support and counseling, as well as other benefits and assistance of the Plaintiff's Decedent Mathew R. Baker which will be stated according to proof, which sum is in excess of the jurisdictional limit of this court;

FIRST AMENDED COMPLAINT FOR DAMAGES

2.  For Damages pursuant to the Survival Law of the State of California;

3.  Funeral and burial expenses and special damages according to proof;

4.  For Punitive Damages as to the individual defendants in an amount appropriate to punish Defendants for their wrongful conduct and set an example for others;

5.  For reasonable attorney fees pursuant to Title 42 USC Section 1988;

6.  For such other and further relief as the Court may deem just and proper.

Dated: 9/6/2017                          LAW OFFICES OF GREG W. GARROTTO

/s/ Greg W. Garrotto
GREG W. GARROTTO

FIRST AMENDED COMPLAINT FOR
DAMAGES

13

1

## <u>REQUEST FOR JURY TRIAL</u>

2

3      Plaintiff hereby requests a jury trial pursuant to Federal <u>Rule of Civil</u>

4  <u>Procedure </u>38.

5

6  Dated: 9/6/2017          LAW OFFICES OF GREG W. GARROTTO

7                           /s/ Greg W. Garrotto
                            GREG W. GARROTTO
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                    14          FIRST AMENDED COMPLAINT FOR
                                  DAMAGES